21-100
**PHILIP MICHELS (Bar No. 57802)**
**JIN N. LEW (Bar No. 136578)**
**LAW OFFICES OF MICHELS & LEW**
**11755 Wilshire Blvd., Suite 1300**
**Los Angeles, California 90025-1540**
**Telephone: (310) 444-1200**
**Facsimile: (310) 444-1211**
pmichels@michels-lew.com
jlew@michels-lew.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S.L., a minor, by and through his guardian ad litem, CHRISTINA SHERRILLS, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, Does 1 through 10, <br><br> Defendants. | COMPLAINT FOR DAMAGES |

### Jurisdiction

1. This Court has original jurisdiction under:

    (a) The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

    (b) The Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2. The plaintiff is J.S.L., a minor, by and through his guardian ad litem, Christina Sherrills. J.S.L. and Christina Sherrills reside in Los Angeles County, California, which is within the Central District of California.

3. Eisner Pediatric & Family Medical Center and Eisner Health (collectively, "Eisner") are in Los Angeles County, California. They are federally funded clinics under the Federally Supported Health Centers Assistance Act, and a deemed employee of the federal Public Health Service. 42 U.S.C. §§ 233(g), 254b. The United States of America is the proper defendant. 42 U.S.C. § 233(g)(1)(A). All references to "Eisner Pediatric & Family Medical Center," "Eisner Health," or "Eisner" include the United States of America.

4. Tyisha Lynn Seymour, at all relevant times, was an employee of Eisner and a deemed employee of the federal Public Health Service. 42 U.S.C. §§ 233(g), 254b. The United States of America is the proper defendant. 42 U.S.C. § 233(g)(1)(A). All references to "Tyisha Lynn Seymour" include the United States.

5. Pursuant to United States Code, Title 28, section 2675(a), the plaintiff presented a claim to the United States Department of Health & Human Services on or about March 10, 2022. The Department denied that claim on September 16, 2022.

6. The true names, identities and capacities, whether individual, associate, corporate or otherwise of defendants DOES 1 through 10 are unknown to plaintiff at this time, who therefore names these defendants by these fictitious names. When the true names and capacities of the fictitiously designated defendants are ascertained, plaintiff will amend this complaint to insert their true names, identities and capacities. Plaintiff is informed and believes, and thereon alleges, that each of the defendants sued in this pleading as a DOE is responsible in some actionable manner for the events and happenings that legally caused the injuries and damages to the plaintiff. This Court has supplemental jurisdiction over Does 1 through 10 under United States Code, Title 28, section 1367.

## General Allegations

7. J.S.L. was born on November 18, 2020.

8. At all relevant times, Tyisha Lynn Seymour, M.D., and Does 1 through 5, held themselves out to the public and to J.S.L. and to Christina Sherrills as surgeons, nurses, medical personnel or other health care professionals.

9. At all relevant times EISNER and DOES 6 through 10, were and are corporations, partnerships, sole proprietorships, joint ventures or associations organized and existing under the laws of the State of California.

10. At all relevant times EISNER, TYISHA LYNN SEYMOUR, M.D. and DOES 6 through 10, inclusive, were and are engaged in the owning, operating, maintaining, managing and engaged in rendering medical, surgical, hospital, diagnostic, nursing and other care to the general public. Their acts and omissions were done and performed (or failed to be done and performed) by them, by and through their authorized agents and employees, all of whom were acting within the course, purpose and scope of their agency or employment. The conduct of the agents and employees was ratified by EISNER, TYISHA LYNN SEYMOUR, M.D., and DOES 1 through 10.

11. EISNER, TYISHA LYNN SEYMOUR, M.D., and DOES 1 through 10 selected and assigned physicians and other health care professionals to care for and treat the plaintiff, and through words or actions held those individuals out as agents or employees, knowing and expecting Christina Sherrills (and, through her, J.S.L.) to rely upon those actions or words, and they did so rely. Those individuals were the ostensible agents of EISNER, TYISHA LYNN SEYMOUR, M.D., and DOES 1 through 10.

12. EISNER, TYISHA LYNN SEYMOUR, M.D., and DOES 1 through 10, held themselves out to the general public and Christina Sherrills and, through her, to J.S.L., as skilled professionals in the science of medicine,

surgery, nursing, hospital care, medical attendant technicians, therapists and related care.  EISNER, TYISHA LYNN SEYMOUR, M.D., and DOES 1 through 10, held themselves out to the general public and to the plaintiff as possessing that degree of knowledge and skill customarily possessed and exercised by other physicians, surgeons, nurses, technicians, therapists and hospital attendants engaged in the same or similar locality.

## First Cause of Action

13. The plaintiff incorporates by reference Paragraphs 1 through 12 of this complaint.

14. EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, agreed to perform and undertook to perform for Christina Sherrills and J.S.L. all services necessary to care from J.S.L.'s condition, including but not limited to, examinations, imaging, tests, evaluations, diagnoses, and treatments.  In so doing, those individuals and entities established physician-, nurse-, hospital-, or healthcare provider-patient relationships with J.S.L.  Those individuals and entities each had a duty to J.S.L. to provide skillful management of his medical condition.

15. J.S.L. received neonatal and pediatric care from EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10.  The medical staff, personnel, nurses, physicians and other health care providers at EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, failed to timely diagnose and treat the claimant's hyperbilirubinemia and failed to properly advise the claimant's mother as to the need for prompt medical and/or hospital care.

16. The medical staff, personnel, nurses, physicians and health care providers further failed to adequately screen, supervise, and train & negligently retained its employees and agents; failed to have proper policies and procedures, failed to follow policies and procedures; failed to fully

investigate and obtain pre-employment qualifications of the persons responsible for the treatment of J.S.L., failed to provide proper and adequate pre-service training (after hire and before starting work) to assure knowledge and compliance with standards and requirements of the employees; failed to have appropriate written policies, procedures and guidelines, and to enforce these policies, procedures and guidelines for patient care at all times; failed to follow all statutory and/or mandatory duties imposed by law. The medical staff, personnel, nurses, physicians and health care providers personnel and staff responsible for the care of the claimant were employees or actual/ostensible agents of EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10.

19. EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, failed to use reasonable care in their management of J.S.L.'s medical condition, including but not limited to the negligent failure to provide, perform and conduct appropriate and necessary evaluations examinations, imaging, tests; failed to accurately and properly interpret tests, imaging studies or order additional tests and studies, resulting in the failure to timely diagnose and treat J.S.L.'s condition.

20. EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, failed to use care within the accepted medical and nursing standards of care in the circumstances in their treatment and management of J.S.L.'s condition.

21. EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, failed to use reasonable care to perform timely and appropriate prenatal tests and evaluations and failed to advise Chistina Sherrills about J.S.L.'s condition.

22. The failure of EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, to exercise reasonable care was a substantial factor in

causing J.S.L. to have to pay and incur both past and future expenses for care and treatment that he will require for his entire life.

23. As a legal result of the negligence of EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, J.S.L. has been injured in his health, strength and activity, has suffered and will suffer severe physical and emotional injury, has incurred and will in the future incur expenses for medical care, nursing care, attendant care, rehabilitation, physical and occupational therapy, speech therapy, educational therapy, equipment and supplies, and related expenses.

24. As a legal result of the negligence of EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, J.S.L. has lost earning capacity in an amount according to proof.

25. As a legal result of the negligence of EISNER and TYISHA LYNN SEYMOUR, and DOES 1 through 10, J.S.L.'s economic and noneconomic damages are in excess of $30,000,000.

**PRAYER**

THEREFORE, plaintiff, J.S.L., a minor by and through his guardian ad litem, CHRISTINA SHERRILLS, prays for judgment against defendants as follows:

1. Economic and non-economic damages in the amount of $30,000,000;

2. Interest as may be permitted by law;

3. Any other and further relief as the Court deems just and proper.

LAW OFFICES OF MICHELS & LEW

*/s/ Jin N. Lew*

PHILIP MICHELS
JIN N. LEW
Attorneys for Plaintiff

March 3, 2023