Sameer Hussain (SBN 340386)
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone: (310) 843-6300
Facsimile:  (310) 843-6301
shussain@carltonfields.com

Attorneys for Defendant QUEST DIAGNOSTICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S.L., a minor, by and through his guardian ad litem, CHRISTINA SHERRILLS, | Case No.: 2:23-cv-01615 FLA (KSx) |
| Plaintiff, | Assigned to the Honorable Fernando L. Aenlle-Rocha, Courtroom 6B |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| United States of America, Quest Diagnostics, Inc., Professional Communications Network, Inc., Does 1 through 10, | **DISCOVERY MATTER** |
| Defendants. | Complaint filed:    March 3, 2023 |
| United States of America, | Trial Date:            December 10, 2024 |
| Cross-Claimant, | |
| vs. | |
| Quest Diagnostics, Inc. and Professional Communications Network, Inc., | |
| Cross-Defendants. | |

## I.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.     GOOD CAUSE STATEMENT

At this time discovery is anticipated to include production of documents and information that may be of a confidential and/or proprietary nature for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential Protected Health Information pursuant to 45 CFR Parts 160-164 and California Civil Code section 56, et seq.,  proprietary and confidential business policies, standard operating procedures, commercial information, personnel information, quality assurance/control information, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial,

to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.    DEFINITIONS

A.    Action: *J.S.L., a minor, by and through his guardian ad litem, Christina Sherrills v. United States of America, et al.*, USDC Central District Case No.  23-cv-01615.

B.    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1        H.     House Counsel:  Attorneys who are employees of a party to this Action.

2   House Counsel does not include Outside Counsel of Record or any other outside counsel.

3        I.     Non-Party:  Any natural person, partnership, corporation, association, or

4   other legal entity not named as a Party to this action.

5        J.     Outside Counsel of Record:  Attorneys who are not employees of a party to

6   this Action but are retained to represent or advise a party to this Action and have

7   appeared in this Action on behalf of that party or are affiliated with a law firm which has

8   appeared on behalf of that party, and includes support staff.

9        K.     Party:  Any party to this Action, including all of its officers, directors,

10   employees, consultants, retained experts, and Outside Counsel of Record (and their

11   support staffs).

12        L.     Producing Party:  A Party or Non-Party that produces Disclosure or

13   Discovery Material in this Action.

14        M.     Professional Vendors:  Persons or entities that provide litigation support

15   services (e.g., photocopying, videotaping, translating, preparing exhibits or

16   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

17   their employees and subcontractors.

18        N.     Protected Material:  Any Disclosure or Discovery Material that is

19   designated as "CONFIDENTIAL."

20        O.     Receiving Party:  A Party that receives Disclosure or Discovery Material

21   from a Producing Party.

22   **IV.   <u>SCOPE</u>**

23        The protections conferred by this Stipulation and Order cover not only Protected

24   Material (as defined above), but also (1) any information copied or extracted from

25   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

26   Material; and (3) any testimony, conversations, or presentations by Parties or their

27   Counsel that might reveal Protected Material.

28

STIPULATED PROTECTIVE ORDER
135345146.1

1   Any use of Protected Material at trial shall be governed by the orders of the trial

2   judge.  This Order does not govern the use of Protected Material at trial.

3   **V.   DURATION**

4   Once a case proceeds to trial, all of the information that  was  designated  as

5   confidential  or  maintained  pursuant  to  this protective order becomes public and will

6   be presumptively available to all  members of the public, including the press, unless

7   compelling reasons supported by specific factual findings to proceed otherwise are made

8   to the trial judge in advance of the trial.  *See Kamakana v. City and County of Honolulu*,

9   447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing

10  documents produced in discovery from "compelling  reasons"  standard  when merits-

11  related documents are part of court record).  Accordingly, the terms of this protective

12  order do not extend beyond the commencement of the trial.

13  **VI.   DESIGNATING PROTECTED MATERIAL**

14  5.1   Exercise of Restraint and Care in Designating Material for Protection. Each

15  Party or Non-Party that designates information or items for protection under this Order

16  must take care to limit any such designation to specific material that qualifies under the

17  appropriate standards.  The Designating Party must designate for protection only those

18  parts of material, documents, items, or oral or written communications that qualify so that

19  other portions of the material, documents, items, or communications for which protection

20  is not warranted are not swept unjustifiably within the ambit of this Order.

21  Mass, indiscriminate, or routinized designations are prohibited. Designations that

22  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

23  to unnecessarily encumber the case development process or to impose unnecessary

24  expenses and burdens on other parties) may expose the Designating Party to sanctions.

25  If it comes to a Designating Party's attention that information or items that it

26  designated for protection do not qualify for protection, that Designating Party must

27  promptly notify all other Parties that it is withdrawing the inapplicable designation.

28

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

a.     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

c.     For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

STIPULATED PROTECTIVE ORDER
135345146.1

container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3    <u>Inadvertent Failure to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1    <u>Timing of Challenges.</u> Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

     6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

     7.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

STIPULATED PROTECTIVE ORDER

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.    The Court and its personnel;

e.    Court reporters and their staff;

f.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the

court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

a.      Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b.      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

c.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/ / /

/ / /

STIPULATED PROTECTIVE ORDER

135345146.1

**X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      Make the information requested available for inspection by the Non-Party, if requested.

C.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

**XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**XIII. MISCELLANEOUS**

12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

STIPULATED PROTECTIVE ORDER
135345146.1

1  Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground

2  to use in evidence of any of the material covered by this Protective Order.

3       12.3.   Filing Protected Material. A Party that seeks to file under seal any

4  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

5  only be filed under seal pursuant to a court order authorizing the sealing of the specific

6  Protected Material at issue.  If a Party's request to file Protected Material under seal is

7  denied by the Court, then the Receiving Party may file the information in the public

8  record unless otherwise instructed by the Court.

9  **XIV.  <u>FINAL DISPOSITION</u>**

10       After the final disposition of this Action, as defined in Section V, within sixty (60)

11  days of a written request by the Designating Party, each Receiving Party must return all

12  Protected Material to the Producing Party or destroy such material.  As used in this

13  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14  summaries, and any other format reproducing or capturing any of the Protected Material.

15  Whether the Protected Material is returned or destroyed, the Receiving Party must submit

16  a written certification to the Producing Party (and, if not the same person or entity, to the

17  Designating Party) by the 60 day deadline that (1) identifies (by category, where

18  appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

19  the Receiving Party has not retained any copies, abstracts, compilations, summaries or

20  any other format reproducing or capturing any of the Protected Material.

21  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

22  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

23  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

24  consultant and expert work product, even if such materials contain Protected Material.

25  Any such archival copies that contain or constitute Protected Material remain subject to

26  this Protective Order as set forth in Section V.

27       Any violation of this Order may be punished by any and all appropriate measures

28  including, without limitation, contempt proceedings and/or monetary sanctions.

1       This Order shall be binding upon the parties hereto, upon their attorneys, and upon

2   the parties' and their attorneys' successors, executors, personal representatives,

3   administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees,

4   agents, independent contractors, or other persons or organizations over which they have

5   control.

6   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

7   Dated:  March 8, 2024       LAW OFFICES OF MICHELS & LEW

8                             By:___/s/*Jin N. Lew*_____

9                                  Jin N. Lew
                        Attorneys for Plaintiff, J.S.L., a minor, by and

10                          through his guardian ad litem Christina
                        Sherrills

11  Dated:  March 8, 2024       AUSA – OFFICE OF U.S. ATTORNEY

12  

13                            By:___/s/*Jennifer R. Jacobs*_____

14                               Jennifer R. Jacobs
                        Attorneys for Defendant United States of

15                          America

16  Dated:  March 11, 2024     CARLTON FIELDS, LLP

17                            By:___/s/*Sameer Hussain*_____

18                               Sameer Hussain
                        Attorneys for Defendant Quest Diagnostics, Inc.

19  Dated:  March 8, 2024       COLLINS AND COLLINS LLP

20  

21                            By:___/s/*Brian K. Stewart*_____

22                               Brian K. Stewart
                        Attorneys for Defendant Professional

23                          Communications Network, Inc.

24  **FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**

25  

26  Dated: __March 11, 2024_____

27                          Honorable Karen L. Stevenson
                        United States Magistrate Judge

28  

13

135345146.1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issue by the United States District Court for the Central District of

California in the case of *J.S.L., a minor, by and through his guardian ad litem, Christina*

*Sherrills v. United States of America, et al.*, U.S. District Court Central District Case No.

2:23-cv-01615 FLA (KSx).  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

F.R.C.P. 5 / C.C.P. §§ 1010.6. and 1013/ Cal. R. Ct. R. 2.251

I am a resident of, or employed in, the County of Los Angeles.  I am over the age of 18 and not a party to this action.  My business address is:  Carlton Fields, LLP, 2029 Century Park East, Suite 1200, Los Angeles, CA 90067-2913.  On **March 11, 2024,** I served the following listed document(s), by method indicated below, on the parties in this action:

## STIPULATED PROTECTIVE ORDER

### *SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**

By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at 2029 Century Park East, Suite 1200, Los Angeles, CA 90067-2913 , following ordinary business practices.  I am readily familiar with Carlton Fields, LLP's practice for collection and processing of documents for mailing.  Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☒ **BY ELECTRONIC SERVICE (CM/ECF) by** uploading the document listed above to the Court's Electronic Filing Service Provider by using the CM/ECF system. I certify that the parties or their counsel of record registered as ECF Filers will be served by the CM/ECF system.

☐ **BY OVERNIGHT DELIVERY**

By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents. **Note**: Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **BY EMAIL**

By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list.  To my knowledge, the transmission was reported as complete and without error.  Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.  Executed on March 11, 2024 at Los Angeles, California.

Teri Adams
_____
Type or Print Name

_____
Signature

1
2

**SERVICE LIST**

3

Philip Michels, Esq.                                    *Attorneys for Plaintiff*
Jin N. Lew, Esq.
Steven B. Stevens, Esq.
LAW OFFICES OF MICHELS & LEW
11755 Wilshire Blvd., Suite 1300
Los Angeles, CA  90025-1540
Tel:  (310) 444-1200
pmichels@michels-lew.com
jlew@michels-lew.com
sstevens@michels-lew.com

4
5
6
7
8
9

10

Brian K. Stewart, Esq.                                 *Attorneys for Professional*
Collins and Collins LLP                                *Communications Network Inc.*
790 East Colorago Blvd., Suite 600
Pasadena, CA  91101
Tel:  (626) 243-1100
bstewart@ccllp.law

11
12
13
14

Daniel R. Overstreet, Esq.
Collins and Collins LLP
750 The City Drive, Suite 400
Orange, CA  92868
Tel:  (714) 823-4100
doverstreet@ccllp.law

15
16
17
18

Erin Choi, Esq.                                        *Attorneys for United States of America*
Jennifer R. Jacobs, Esq.
AUSA – Office of U.S. Attorney
300 North Los Angeles, Suite 7516
Los Angeles, CA  90012
Tel:  (213) 894-7354/(213) 894-6167
Erin.choi@usdoj.gov
Jennifer.jacobs3@usdoj.gov

19
20
21
22
23
24
25
26
27
28